BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE DEDE ALPERT, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
Does the board of retirement of the San Diego Transit Corporation have responsibility to administer the pension system established for the employees of the San Diego Transit Corporation?
 CONCLUSION
The board of retirement of the San Diego Transit Corporation does not have responsibility to administer the pension system established for the employees of the San Diego Transit Corporation.
 ANALYSIS
Section 17 of article XVI of the Constitution states:
". . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "Notwithstanding any other provisions of law or this Constitution to the contrary, the retirement board of a public pension or retirement system shall have plenary authority and fiduciary responsibility for investment of moneys and administration of the system subject to all of the following:
 "(a) The retirement board of a public pension or retirement system shall have the sole and exclusive fiduciary responsibility over the assets of the public pension or retirement system. . . .
". . . . . . . . . . . . . . . . . . . . . . . . .
 "(e) The retirement board of a public pension or retirement system, consistent with the exclusive fiduciary responsibilities vested in it, shall have the sole and exclusive power to provide for actuarial services in order to assure the competency of the assets of the public pension or retirement system.
". . . . . . . . . . . . . . . . . . . . . . . . .
 "(h) As used in this section, the term `retirement board' shall mean the board of administration, board of trustees, board of directors, or other governing body or board of a public employees' pension or retirement system; provided, however, that the term `retirement board' shall not be interpreted to mean or include a governing body or board created after July 1, 1991 which does not administer pension or retirement benefits, or the elected legislative body of a jurisdiction which employs participants in a public employees' pension or retirement system."[1]
We are asked to determine whether the requirements of article XVI are applicable to the pension system established for the employees of the San Diego Transit Corporation ("Corporation"). We conclude that the constitutional requirements are inapplicable.
The Corporation was created in 1966 under the general nonprofit corporation law. (Corp. Code, §§ 5110-6910) In 1985, it was acquired by the San Diego Metropolitan Transit Development Board ("SDMTDB") to provide bus service in the southern part of San Diego County. The Corporation is a wholly-owned subsidiary of SDMTDB and has a board of directors appointed by SDMTDB. It also has a board of retirement whose six members are appointed, three by the Corporation's board of directors and three by the employees through their union.
If the pension system established for the Corporation's employees is subject to the requirements of article XVI, the Corporation's retirement board would "have plenary authority and fiduciary responsibility for . . . administration of the system." (See Singh v. Board of Retirement (1996)41 Cal.App.4th 1180, 1183, 1191-1192.) The issue to be resolved is whether the Corporation's pension system is a "public" pension system or, as additionally described, "a public employees' pension or retirement system." (Cal. Const., art. XVI, § 17, subd. (h).)
The constitutional language in question was proposed to the voters at the November 3, 1992 General Election as part of Proposition 162. In examining the provisions of Proposition 162, the Legislative Analyst described "public pension systems" in the voters' pamphlet as follows:
 "Public pension systems in California provide retirement benefits to a wide range of state and local government employees — such as teachers, firefighters, and police officers. The largest of these pension systems are the state's Public Employees' Retirement System (PERS) and the State Teachers' Retirement System (STRS). In addition, there are over 100 other public retirement systems that serve counties, cities, special districts, and the University of California." (Ballot Pamp., Gen. Elec. (Nov. 3, 1992) analysis of Prop. 162 by Legislative Analyst, p. 37.)
 The proponents of the constitutional initiative described the purposes of Proposition 162 in part as follows:
 "A YES vote on PROPOSITION 162 will prevent politicians from raiding the pension funds of firefighters, police officers and other active and retired public employees." (Id., argument in favor of Prop. 162, p. 38.)[2]
Hence, we are dealing with constitutional language that was meant to set requirements for the management of those pension systems established for "state and local government employees." May the Corporation's employees be considered such government employees?
It is evident that SDMTDB is a public agency with its own "local government employees" whose pension system would be subject to the requirements of article XVI. SDMTDB was created by the Legislature (Pub. Utilities Code, § 120050)[3] and is composed of 15 members, at least 14 of whom are city and county elected officials. (§ 120050.2.)
However, while SDMTDB owns all of the assets of the Corporation, the Corporation is a legal entity separate from SDMTDB and the Corporation's own board of directors is required by statute to act independently with respect to the Corporation's pension plan and employee relations. Section120522 provides:
 "Whenever the board acquires ownership of existing facilities from a privately or publicly owned corporation or public utility, either in proceedings in eminent domain or otherwise and maintains the corporation or utility, by whatever name, as a separate, legal corporate entity, the board of directors of the corporation or utility shall continue its responsibilities with regard to its employees' wages, hours, and other terms and conditions of employment, existing labor contracts, and existing pension plans."
 Upon acquiring the Corporation, SDMTDB chose to continue the Corporation "as a separate, legal corporate entity" as authorized by section 120522. Accordingly, the Corporation's board of directors is required to "continue its responsibilities with regard to its employees' wages, hours, and other terms and conditions of employment, existing labor contracts, and existing pension plans."
Because the Corporation is "a separate, legal corporate entity" with management of its pension system vested in its board of directors by law, the Corporation does not qualify as a "public" employer and its employees cannot be considered "public" employees for purposes of article XVI. (See Corp. Code, § 5140; Service Employees' Internat.Union, Local No. 22 v. Roseville Community Hosp. (1972) 24 Cal.App.3d 400,407-408 [community hospital organized as a private nonprofit corporation is not a "public agency" having "public employees" for purpose of collective bargaining]; 81 Ops.Cal.Atty.Gen. 213, 215 (1998) [nonprofit public benefit corporation is not a "public corporation" or "public agency" for purposes of forming a joint powers agency]; Harper v. SanDiego Transit Corp. (9th Cir. 1985) 764 P.2d 663 [Corporation's employees come under the federal Labor-Management Relations Act applicable only to private employers].)
The requirements of article XVI with respect to the duties and responsibilities of retirement boards apply only to the management of "public" pension systems. Under the terms of section 120522, the Corporation is a separate legal entity with management of its pension system vested in its board of directors, not its board of retirement. For purposes of article XVI, the Corporation must be considered a private company with private employees and its pension plan must be considered a private pension system.
Accordingly, we conclude that the board of retirement of the Corporation does not have responsibility to administer the pension system established for the employees of the Corporation.
[1] All references hereafter to "article XVI" are to section 17 of article XVI of the Constitution.
[2] When construing the language of a constitutional amendment, we may "refer to . . . indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet. [Citations.]" (People v. Birkett (1999) 21 Cal.4th 226, 243.)
[3] All references hereafter to the Public Utilities Code are by section number only.